JjGAUDIN, Judge.
Appellants are Tastee Donuts, Inc. and its insurer from a district court judgment ordering them to pay $94,800.00 plus costs and legal interest to Anthony E. Williams, who was shot by a Tastee Donuts employee on August 1, 1991. We affirm.
The shooting incident occurred inside the Tastee Donuts store on Airline Highway in Kenner, Louisiana.
Appellants argue that the trial judge erred (1) in refusing to grant a defense motion for a continuance and (2) in signing a judgment, based on the jury’s verdict, finding Tastee Donuts responsible for the negligent acts of its employee.
Williams and a friend, Robert Simmons, entered the donut shop sometime after midnight. Anthony Palmer was employed by Tastee Donuts as a cook and donut cutter, working mainly in the kitchen. The counter girl was Mary Leon.
Williams and Simmons ordered kastlebur-gers, then complained to Leon that they were cold. During this exchange, Palmer came out of the shop’s back area, apparently thinking that Leon was being harrassed. Palmer and the two customers ^argued before Palmer obtained a .22 caliber pistol he had taken to work with him and fired shots at Williams and Simmons, hitting both.
Simmons was hit in the chest and he died at the scene. Williams was struck by one bullet in his right shoulder but he was able to exit the store and run away. Palmer then fled.
The evidence at trial clearly established that neither Williams nor Simmons was armed and that they did not physically or otherwise threaten Palmer. Leon testified that she was not being intimidated by Williams or Simmons before or after Palmer emerged from the kitchen.
This ease was set for trial before a jury on June 15, 1993. On that date, the trial judge considered in chambers appellants’ motion to strike a plaintiff witness, Dr. Oliver Sanders, or, in the alternative, to continue the trial. The trial judge denied the motion to strike but he continued the case to June 28th, thereby allowing appellants to depose Dr. Sanders. This was accomplished.
Trial began on June 28th without the filing of any further motions by appellants. No request was made for an independent medical examination in accord with LSA-C.C.P. art. 1464 and the record does not contain a new (subsequent to June 13th) motion for a continuance. Following a three-day trial, the jury found that Palmer acted negligently within the course and scope of his employment and awarded $94,800.00 to Williams.
We find no merit in appellant’s contention that the trial judge abused any discretion in allowing the trial to start on June 28th and in permitting Dr. Sanders to testify. Several procedural avenues were open to appellants but apparently they were not taken. A motion to continue the trial from June 28th was not filed and there were no formal motions relating to psychiatric testimony other than the motion to block Dr. Sanders, from testifying.
|.-Williams’ award included $35,000.00 for pain and suffering and $25,000.00 for mental anguish. We do not believe these amounts, nor any of the other amounts awarded, are excessive; in fact, the jury could have awarded a higher overall sum.
Concerning Tastee Donuts’ vicarious liability for Palmer’s actions, the guidelines are set forth in Samuels v. Southern Baptist Hospital, 594 So.2d 571 (La.App. 4 Cir.1992), writs denied at 599 So.2d 316 (La.1992); and Ermert v. Hartford Insurance Company, 559 So.2d 467 (La.1990). Factors for consideration are whether the tortious act was (1) primarily employment rooted, (2) reasonably incidental to the performance of the *257 employee’s duties, (3) committed on the employer’s premises and (4) done during hours of employment.
Palmer’s duties went beyond cutting donuts. He was authorized to assist with customers and to help the counter girl when needed.
This Tastee Donut shop was open 24 hours a day and was a frequent source of problems. Palmer and Leon were the only employees present when Williams and Simmons were shot. No doubt Palmer believed that Leon was being harassed and that his intervention was needed to remove Williams and Simmons from the premises. The jury found, in direct answers to written interrogatories, that Palmer was negligent and that he was in the course and scope of his employment when the shootings occurred. Considerable testimony and evidence support these findings, which we are not at liberty to overturn on appeal.
Tastee Donuts and its insurer are to bear costs of this appeal.
AFFIRMED.